## APPEAL OF ELIZABETH S. SPRAGUE.

Docket No. 6740.    Promulgated September 22, 1927.

1. Under section 219 of the Revenue Acts of 1918 and 1921, income of the trust for the taxable year which becomes distributable during the taxable year is taxable to the beneficiary, although the beneficiary was unknown until the exercise of a power within the taxable year.

2. Certain trust instruments provided that income should be added to the principal thereof, except that upon written request of the petitioner such income should be paid to her. *Held*, that such income is taxable to the fiduciary except to the extent to which the power was exercised by the petitioner to request such income be paid to her, and that to such extent the income was distributable and taxable to the petitioner.

3. Although the interest of the beneficiary may be contingent until the trustee makes a determination as to the amount of income which is distributable, after such determination is made and the contingency removed the income becomes distributable and taxable to the beneficiary and not to the fiduciary.

*Francis V. Barstow, Esq.*, for the petitioner.
*J. W. Fisher, Esq.*, for the Commissioner.

The taxpayer appeals from the determination by the Commissioner of deficiencies of $47.33, $7,907.86, and $48,596.90 in income tax for 1919, 1920, and 1921, respectively. She alleges that the Commissioner has committed error in allocating to her and including in her income, in computing the deficiencies, the income received by the trustees under various indentures of trust and in refusing to determine an overpayment of tax on account of income alleged to have been erroneously reported as received from some of said trusts.

### FINDINGS OF FACT.

The taxpayer is a resident of Boston, Mass.

In the determination of the deficiency here in question the Commissioner has included as income to the taxpayer for the respective years income received by trustees under indentures of trust made by her husband, Phineas W. Sprague, as follows:

| Trustee | Date of instrument | Amount included as income | | |
|---|---|---|---|---|
| | | 1919 | 1920 | 1921 |
| The First National Bank of Boston | May  13, 1919 | | | $5, 257. 96 |
| Old Colony Trust Co. of Boston | Oct.  15, 1919 | | | 18, 060. 93 |
| International Trust Co. of Boston | Jan.  24, 1920 | | $3, 057. 95 | 19, 571. 13 |
| The First National Bank of Boston | Feb.  15, 1919 | | | 42, 775. 16 |
| State Street Trust Co | May  26, 1919 | $2, 298. 38 | 11, 339. 05 | 22, 491. 66 |
| Robert G. Dodge, et al | Oct.  14, 1920 | | | 26, 572. 59 |
| | | 2, 298. 38 | 14, 397. 00 | 134, 729. 43 |

By an indenture of trust dated May 13, 1919, executed by said Phineas W. Sprague, husband of the taxpayer, and delivered to the First National Bank of Boston and accepted by that bank on July 14, 1919, said Phineas W. Sprague, having insured the taxpayer's life for $300,000 and the life of his son for $100,000 by endowment policies, transferred to the trustees shares of stock of corporations to hold as a fund upon various trusts, including the following:

From the income of the fund the Bank shall pay the annual premiums on all of the said policies, applying the dividends payable upon said policies to increasing the amount of the insurance and adding surplus income, if any, to the principal of the fund.

Upon the maturity of the policies the insurance monies and the funds then in the hands of the trustee became a trust fund for the benefit of the settlor's children and their issue with contingent remainders over to the settlor and his wife. The settlor reserved the right to revoke the trust or amend the terms thereof at any time. The settlor amended the trust indenture on September 9, 1920, to omit the provision quoted above and to substitute therefor the following:

From the income of the Fund the Bank shall pay the annual premiums on all of the said policies, applying the dividends payable upon said policies to

increasing the amount of the insurance, and, unless my wife shall request that the same be paid to her as hereinafter provided, shall add the surplus income, if any, to the principal of the fund. Upon the written request of my wife the Bank shall pay over to her from time to time any of said surplus income when and as the same has been received and found to be unnecessary for the payment of said premiums; or from time to time, upon her written request the Bank may pay over to my said wife from principal an amount equivalent to the aggregate face amount of any such surplus income which has been previously added to the principal of the Premium Trust and not theretofore withdrawn by her under this provision.

The settlor further amended the trust indenture on September 10, 1920, making it irrevocable and not subject to amendment.

By indenture of trust dated October 15, 1919, executed by said Phineas W. Sprague and delivered to the Old Colony Trust Co., accepted by said company of said date, said Sprague, having insured the taxpayer's life for $100,000 by an endowment policy, transferred to the trust company shares of stock of corporations to hold as a fund upon various trusts, including the following:

From the income of the fund the trustee shall pay the annual premiums on the said policy, applying the dividends payable upon said policy to increasing the amount of the insurance, and adding the surplus income, if any, to the principal of the fund.

Upon the maturity of the policy the insurance monies and funds then in the hands of the trustee become a trust fund, the principal of which is payable to the wife at certain times or, in the event of her death, the income and principal are payable to the children of the settlor and their issue. The settlor reserved the right to revoke the trust or amend the trust indenture at any time. The settlor amended the trust indenture on September 1, 1920, to omit the provision quoted above and to substitute therefor a provision which is identical in its terms with the provision, quoted above, made on September 9, 1920, with reference to the trust indenture of which the First National Bank of Boston is trustee. The settlor further amended the trust indenture on September 10, 1920, making it irrevocable and not subject to amendment.

By indenture of trust dated January 24, 1920, executed by said Phineas W. Sprague and delivered to the International Trust Co. of Boston and accepted by that company on January 28, 1920, said Sprague, having insured the taxpayer's life for $100,000 by an endowment policy, transferred to the trustee shares of stock of corporations to hold as a fund upon various trusts, including the following:

From the income of the fund the Bank shall pay the annual premiums on said policy, applying the dividends payable upon said policy to increasing the amount of the insurance, and adding the surplus income if any to the principal of the fund.

Upon the maturity of the policy the insurance money and the funds then in the hands of the trustee became a trust fund, the income of which is payable to the taxpayer during her life and after her death to the children of the settlor with provision for payment of the principal to such children and their issue. The settlor reserved the right to revoke or amend the trust at any time. The settlor amended the trust indenture on September 1, 1920, to omit the provision quoted above and to substitute therefor a provision which is identical in its terms with the provision, quoted above, made on September 9, 1920, with reference to the trust indenture of which the First National Bank of Boston is trustee.

The said three trusts hereinabove enumerated are hereinafter referred to as the "insurance trusts."

By indenture of trust dated February 19, 1919, executed by said Phineas W. Sprague and delivered to the First National Bank of Boston and accepted by that bank on said date, said Sprague transferred certain shares and securities to the trustee to hold upon various trusts including the following:

Until and including the 1st February 1925 the trustee shall pay to my wife, Elizabeth Shaw Sprague, from the income of the trust fund such sums as I (or my guardian in case I shall become of unsound mind), shall from time to time request in writing.

It was also provided that such income as is not paid to Mrs. Sprague should be added to and become part of the principal of the trust fund. After February 1, 1925, the income is payable to the settlor's children or their issue and at certain times the principal is payable to such children and their issue. The settlor reserved the right to terminate the trust, in which event the settlor is to receive all of the property of the trust. The settlor amended the trust indenture on February 18, 1921, to omit the provision quoted above and to substitute therefor the following:

Until and including the 1st of February, 1925, the trustee shall pay to my wife, Elizabeth Shaw Sprague, from the income of the trust fund, such sums as she shall from time to time request in writing.

The income of such trust from January 1, 1921, to February 17, 1921, was $11,256.40.

By indenture of trust dated May 26, 1919, executed by said Phineas W. Sprague and delivered to the State Street Trust Co. and accepted by that company on said date, said Sprague transferred certain shares of stock to the trustee to hold upon various trusts including the following:

Until and including May 1, 1929, to collect invest and reinvest income and to pay to my wife, Elizabeth Shaw Sprague from time to time if she so requests in writing any or all of the income of the trust fund, either in cash or securities

or property into which said income may have been invested, and on May 1, 1929 to add to the principal of the trust fund all accumulated income not paid as aforesaid.

The income is thereafter to be accumulated until May 1, 1934, and after that date is to be paid to the settlor's children, and after their death the principal is to be divided among the settlor's issue. The trust instrument contains no provision for amendment or alteration.

By indenture of trust dated February 19, 1919, and executed by said Phineas W. Sprague as settlor, and Robert G. Dodge, George Hawley, and George A. Butman, as trustees, said Sprague transferred certain shares of stock to the trustees to hold upon various trusts including the following:

Until the expiration of a period of ten years from the date of this instrument the trustees shall pay over the net income of the trust fund to my wife, Elizabeth Shaw Sprague, from time to time as she may request, and if she shall not request them to pay her all of the income the surplus shall be invested and added to the trust fund, subject to her right at any time during said period to require the payment to her of such accumulated income or any part thereof.

At the end of the ten-year period the trustees were directed to pay the principal to Mrs. Sprague, the petitioner herein, if living, and otherwise to divide it among the surviving children of the settlor and Mrs. Sprague. The trust further provided:

The provisions of this instrument may be amended by the trustees at any time during my life or the life of my said wife; provided, however, that no amendment shall become effective unless embodied in a written instrument signed by the three trustees for the time being and approved by me if I am living and otherwise by my said wife.

On October 19, 1921, this trust instrument was amended to provide that the settlor might terminate it at any time during his life upon written notice, in which event the trust funds, together with all accumulations, were to be transferred and paid over to him. On October 27, 1921, the trust instrument was further amended to provide that if the settlor died within the period of 10 years from the date of its execution, the trustees might terminate the trust and pay the trust funds to the estate of the settlor provided they were of the opinion that such provision will be for the best interests of the family.

OPINION.

PHILLIPS: The question presented for our determination is whether the income, or any part of the income of the trust funds, is taxable to the petitioner. The provisions of the Revenue Act of 1918, so far as applicable, are as follows:

SEC. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

* * * * * * *

(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;

(3) Income held for future distribution under the terms of the will or trust; and

(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212 * * * and in cases under paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of each beneficiary's distributive share of such net income, whether or not distributed before the close of the taxable year for which the return is made.

(c) In cases under paragraph (1), (2), or (3) of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary * * *. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

(d) In cases under paragraph (4) of subdivision (a) * * * the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable years * * *.

The provisions of subdivision (a) of section 219 of the Revenue Act of 1921 are the same as those of the same subdivision of the 1918 Act. The remaining subdivisions of the 1921 Act, so far as material, are as follows:

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212 * * *. In cases in which there is any income of the class described in paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable to each beneficiary, whether or not distributed before the close of the taxable year for which the return is made.

(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary * * *.

(d) In cases under paragraph (4) of subdivision (a) * * * the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not * * *.

(e) In the case of an estate or trust the income of which consists both of income of the class described in paragraph (4) of subdivision (a) of this section and other income, the net income of the estate or trust shall be computed and a return thereof made by the fiduciary in accordance with subdivision (b) and the tax shall be imposed, and shall be paid by the fiduciary in accordance with subdivision (c), except that there shall be allowed as an

additional deduction in computing the net income of the estate or trust that part of its income of the class described in paragraph (4) of subdivision (a) which, pursuant to the instrument or order governing the distribution, is distributable during its taxable year to the beneficiaries. In cases under this subdivision there shall be included, as provided in subdivision (d) of this section, in computing the net income of each beneficiary, that part of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable during the taxable year to such beneficiary.

The principles to be applied in determining whether income from a trust fund is taxable to the fiduciary or to the beneficiary have been laid down by the Board in the cases of *William E. Scripps*, 1 B. T. A. 491, and *Mary L. Barton*, 5 B. T. A. 1008. Those cases arose under the same Acts with which we are here concerned. There we held that income which was properly accumulated was taxable to the fiduciary while income which was properly distributed or distributable was taxable to the beneficiary.

It is unnecessary to repeat here the reasons which led us to these conclusions.

Substantially the same conclusion was reached by the Circuit Court of Appeals of the Eighth Circuit in *Willcuts* v. *Ordway*, 19 Fed. (2d) 917, where it is held that the beneficiary and not the fiduciary is taxable upon so much of the income as is severed from the trust estate so that it no longer forms any part thereof. In its opinion the Court said:

In each of these Acts, the intent is that annual income to a particular beneficiary from a trust estate shall be taxed to him as a separate unit of taxation where that income is " distributed " to him. " Distribution ", as there used, does not necessarily mean passing into the uncontrolled possession or disposition of the beneficiary. It means separation and segregation from the trust fund so that it no longer forms any part or parcel thereof. The test set up by the statute is whether the income passes from the trust estate which produced it and ceases to be subject to the terms and control of that trust. If this trust instrument authorized such incomes to be so separated and segregated and they were so treated in fact, the Commissioner was in error and the trial Court properly overruled the demurrer to this petition and entered judgment for the refund.

The Commissioner held that because the petitioner could receive the income of the trust funds by making a written request therefor, the entire income is taxable to her, and determined the deficiency accordingly. This position can not be sustained. The trust instruments all provided that the income should be added to the principal. To this extent such income was accumulated for unascertained persons or persons with contingent interests. There was the further provision that upon written request (by the settlor in one case and by the petitioner in the others) certain portions of the income were to be paid to the petitioner. Any such request constituted the exercise

of a power which, to the extent that such power was validly exercised, removed such income from the provision for accumulation and made it distributable. Such distributable income was thereupon severed from the trust property and was taxable to the beneficiary under the provisions of section 219, quoted above. So much as was not distributable pursuant to the exercise of the power given by the trust instrument, remained a portion of the trust property, taxable to the fiduciary.

Nor can the petitioner be sustained in her contention that the trusts fall within paragraph (a) (2) of section 219, and that no part of the income is taxable to the beneficiary.

At the time the trusts were created and as the income was received from time to time, it may be that the ultimate beneficiary was uncertain but to the extent that the power was exercised within the year, this uncertainty was removed and the beneficiary became known.

With respect to the "insurance trusts" petitioner contends that even though the power was exercised to require payment of all the available income, her interest would still be contingent because it was not until surplus income was "found to be unnecessary for the payment of said premiums" that any amount became distributable. Unquestionably the duty to determine whether the retention of surplus income was necessary or unnecessary for that purpose rested upon the trustees, and until that duty was performed there was no distributable income. The determinations of the trustees are factors to be considered before we may arrive at the available income upon which the petitioner may exercise the power granted her to demand payment of such income, but when the trustees have made their determination and the petitioner has exercised the power, her interest is no longer contingent.

Reviewed by the Board.

*Decision will be entered on 20 days' notice, under Rule 50.*